# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SHERRIE R. MCCAIN | ) | |

## PLEA AGREEMENT

The Government and the defendant, **SHERRIE R. MCCAIN**, hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Information filed in the above-numbered and -captioned matter; (ii) consent to forfeiture as described in section **XII** below; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to the disposition specified below, subject to the conditions in section **VII**.

## TERMS OF THE AGREEMENT

**I.     MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for Introduction into Interstate Commerce of a Misbranded Drug, in violation of Title 21, United States Code, Section 331(a) and 333(a)(2), as charged in **COUNT ONE**, is:

- **A.** Imprisonment for not more than 3 years;
- **B.** A fine of not more than $250,000, or,
- **C.** Both A and B;
- **D.** Supervised release of not more than 1 year; and
- **E.** A special assessment of $100.

**II.    FACTUAL BASIS FOR PLEA**

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

From in or around December 2017 until in or around July 2021, **SHERRIE R. MCCAIN** received foreign unapproved prescription drugs at her residence within the Northern District of Alabama. On or about September 5, 2019, U.S. Customs and Border Protection agents seized at a border port a package containing approximately 4,000 prescription Tramadol pills and approximately 2,000

prescription Carisoprodol pills that was addressed to **MCCAIN** at her residence in Oxford, Alabama. Subsequent to this seizure, law enforcement executed a search warrant at **MCCAIN's** residence. During the execution of the search warrant at **MCCAIN's** residence, law enforcement found approximately 27,950 foreign unapproved prescription drug pills, along with shipping and repackaging material. The shipping material found at **MCCAIN's** residence listed the description of contents as "Candy and Merchandise" and Hair Care Product Set." These labels were inconsistent with the actual contents of the packages, which were prescription drug pills.

After the execution of the state search warrant on or about September 10, 2019, **MCCAIN** agreed to a post-*Miranda* interview with law enforcement. During that interview, **MCCAIN** stated that an individual with initials S.M. shipped the pills to her and provided her with a list of orders to fill. **MCCAIN** stated that once the pills arrived at her residence, she would repackage and ship them to various individuals across the U.S. A review of the evidence seized from **MCCAIN's** house showed that **MCCAIN** had shipped numerous packages to individuals in more than 25 states within the last two years. **MCCAIN** said she agreed to do this to make money, and she received between $200 and $2,000 weekly for her part in the shipping operation. In a follow-up interview on or about September 12, 2019,

MCCAIN stated that she would send a PayPal invoice to the recipients of her packages and that she would transfer funds using PayPal.

MCCAIN also received packages addressed to different aliases that were variations of her actual name on shipping labels, further demonstrating her intent to defraud and mislead government regulators. Specifically, law enforcement discovered a shipping label dated September 13, 2019 addressed to "Sherri Mohan," as well as a shipping label dated March 31, 2021 addressed to "Renee McCain."

On or about June 23, 2021, U.S. Customs and Border Protection agents seized at a border port a package containing approximately 2,000 prescription Alprazolam pills that was addressed to MCCAIN at her residence in Oxford, Alabama. On or about July 13, 2021, MCCAIN agreed to another post-*Miranda* interview with law enforcement. After initially lying regarding her knowledge and role in the operation, MCCAIN told the interviewing agents that individuals from India contacted her approximately six to eight months after the state search warrant was executed at her residence in September 2019 and asked her to continue reshipping foreign pills for them. MCCAIN said that she then received three or four foreign packages containing foreign drugs. MCCAIN said she would remove the blister packs from the box, repackage them, and then ship them to customers. MCCAIN said she would use the United States Post Office to ship the drugs. MCCAIN said the reason she had started to repackage and ship the foreign prescription drugs again was for the

money. **MCCAIN** told the agents that she knew at the time what she was doing was illegal. **MCCAIN** showed the agents images, texts, and emails on her iPhone that corroborated her illegal conduct.

**MCCAIN** also provided consent for her residence to be searched. While searching **MCCAIN's** residence, law enforcement found approximately 3,600 foreign unapproved prescription drug pills, including Carisoprodol, Tramadol, Sildenafil Citrate, Gabapentin, Pregabalin, and Ephedrine. Law enforcement also found shipping boxes and labels in her residence.

**MCCAIN** would repackage the foreign prescription drugs in her home and then dispense them to customers without a valid prescription written by a licensed practitioner, thus causing them to be misbranded under the FDCA. According to **MCCAIN**, she shipped the following misbranded drugs in interstate commerce:

- On or about July 12, 2020, **MCCAIN** shipped 180 Carisoprodol pills to an address in Sheridan, Indiana.

- On or about April 27, 2021, **MCCAIN** shipped 180 Gabapentin pills to an address in Macon, Georgia.

- On or about May 1, 2021, **MCCAIN** shipped 90 Tramadol pills to an address in Kenmore, Washington.

- On or about May 1, 2021, **MCCAIN** shipped 180 Gabapentin pills to an address in Scott Depot, West Virginia.

In total, between in or around December 2017 and in or around July 2021, **MCCAIN** shipped misbranded drugs to individuals in approximately 25 different

states outside the state of Alabama. At no time has **MCCAIN** submitted her drug repackaging and reshipping operation for regulation by the FDA or any regulatory body of the state of Alabama, nor is **MCCAIN** licensed to prescribe for dispensing to patients/customers the drugs that she distributed. The total financial forfeiture amount that can be attributed to **MCCAIN** based on the amount of money she received due to her illegal actions in receiving, repackaging, and distributing these foreign unapproved drugs is between $40,000 and $95,000, with the full amount to be determined by the Court at the time of sentencing.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

*/s/ Sherri McCain*
**SHERRIE R. MCCAIN**

### III.     RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

  A.   That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government

agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

**B.** That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

**C.** That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

**D.** That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

**E.** That the defendant be required to comply with the forfeiture provisions set forth in section XII of this agreement; and

**F.** That the defendant pay a special assessment of $100.00, said amount due and owing as of the date sentence is pronounced.

IV.     **WAIVERS**

    A.     **STATUTE OF LIMITATIONS WAIVER**

In consideration of the recommended disposition of this case, I, SHERRIE R. MCCAIN, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

    B.     **RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

In consideration of the recommended disposition of this case, I, SHERRIE R. MCCAIN, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am

pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

    1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

    2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

    3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, SHERRIE R. MCCAIN, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*Sherri McCain*
**SHERRIE R. MCCAIN**

## V. UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970),

(c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;
- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;
- identify all assets over which the defendant exercises or exercised control,

directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct.

This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI.  TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII.  FORFEITURE

The defendant agrees to consent to the immediate entry of a final order of forfeiture against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), in an amount between $40,000 and $95,000, with the full amount to be determined by the Court at the time of sentencing, which represents proceeds the defendant personally obtained, controlled, and benefitted from as a result of the offense alleged in COUNT ONE of the Information and to which the defendant is indicating the defendant's

desire to plead guilty by way of this written Plea Agreement. For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said amount and the criminal offense to which the defendant is pleading guilty.

The defendant acknowledges that if, due to an act or omission of the defendant, directly forfeitable property: (i) cannot be located upon the exercise of due diligence; (ii) have been transferred or sold to, or deposited with, a third party; (iii) have been placed beyond the jurisdiction of the Court; (iv) have been substantially diminished in value; or (v) have been commingled with other property which cannot be divided without difficulty, as a result, the Government is authorized under law to seek the forfeiture of any and all assets of the defendant as substitute assets for the purpose of satisfying the final order of forfeiture until same is satisfied in full. As a result, the defendant consents to the forfeiture of any and all of the defendant's property in an amount between $40,000 and $95,000, with the full amount to be determined by the Court at the time of sentencing, representing proceeds the defendant personally obtained, controlled, and benefitted from as a result of the offense alleged in COUNT ONE of the Information.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant hereby waives the requirements of

Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance with this plea agreement. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Information and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

## **Non-Abatement of Criminal Forfeiture**

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

### XIII.    IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that

no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIV. DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of **20** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

> **NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.

2-12-24
DATE

*Shri R. McCa*
**SHERRIE R. MCCAIN**
Defendant

## XV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

2/12/24
DATE

**MIA GETTENBERG**
Defendant's Counsel

## XVI. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

2/20/24
DATE

RYAN S. RUMMAGE
Assistant United States Attorney